**LAKESHORE LAW CENTER**
Jeffrey Wilens, Esq. (State Bar No. 120371)
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886
714-854-7205
714-854-7206 (fax)
jeff@lakeshorelaw.org

**THE SPENCER LAW FIRM**
Jeffrey P. Spencer, Esq. (State Bar No. 182440)
2 Venture, Suite 220
Irvine, CA 92618
949-240-8595
949-377-3272 (fax)
jps@spencerlaw.net

**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT,

# NORTHERN DISTRICT OF CALIFORNIA,

# SAN JOSE DIVISION

| | |
|---|---|
| OLGA SHMAKOVA, GEOFFREY HASBROOK, on behalf of themselves and all persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HUMMINGBIRD FUNDS, LLC D/B/A BLUE TRUST LOANS, and Does 1 through 100 inclusive, <br><br> Defendants. | Case No. 5:19-cv-01284-NC <br> Assigned for all purposes to: <br> Hon. Nathanael M. Cousins <br> Courtroom 5 <br> Complaint filed March 10, 2019 <br><br> <u>Class Action</u> <br><br> **FIRST AMENDED COMPLAINT FOR** <br> **1. Violation of Unfair Competition Law (Business and Professions Code § 17200 et. seq.)** |

Plaintiffs allege as follows:

**PARTIES**

1

FIRST AMENDED COMPLAINT

1. Plaintiffs OLGA SHMAKOVA and GEOFFREY HASBROOK, individuals, bring this action on behalf of themselves, and on behalf of a class of similarly situated persons pursuant to Rule 23.  Plaintiffs are citizens of the State of California and competent adults.

2. Plaintiffs are informed and believe, and thereupon allege, that Defendant HUMMINGBIRD FUNDS, LLC D/B/A BLUE TRUST LOANS is now, and at all times mentioned in this Complaint was, a limited liability company that is a citizen of the State of Wisconsin.

3. Plaintiffs do not know the true names or capacities of the Defendants sued herein as DOES 1 through 100 inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "Defendant" or "Defendants" or to a specifically named Defendant refers also to all Defendants sued under fictitious names.

4. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and each of the persons who are not parties to this action but are identified by name or otherwise throughout this complaint, was the alter ego of each of the remaining Defendants, was the successor in interest or predecessor in interest, and was the agent and employee of each of the remaining Defendants and in doing the things herein alleged was acting within the course and scope of this agency and

employment.

## JURISDICTION

5. This Court has jurisdiction under the Class Action Fairness Act because Plaintiffs and all class members are citizens of the State of California and the only named Defendant is a citizen of the State of Wisconsin. The number of class members is at least 1,000 and the amount in controversy, being the amount of money owed in restitution to class members is more than $5,000,000, exclusive of interest or costs. Finally, the acts of unfair competition committed against Plaintiffs occurred in the State of California, Santa Clara County, so the Northern District of California is the correct venue.

## CLASS ALLEGATIONS AND JURISDICTION

6. Plaintiffs are members of a class of persons, the members of which are similarly situated to each other member of that class. The class is defined as follows:

> All California residents who, on or after March 11, 2015, signed Defendant's "Consumer Installment Loan Agreement" that prohibits arbitration of disputes and who paid back at least one dollar to Defendant.

7. Plaintiffs are informed and believe, and thereupon allege, that the class Plaintiffs represent includes at least 1,000 persons who contracted to enter into installment loans with Defendant during the aforementioned time frame and who paid back money.

8. Plaintiffs are informed and believe, and thereupon allege, that the amount in controversy, being the amount of money paid to Defendant by the class members during the class period, exceeds $5,000,000.

9. The identity of the members of the class is ascertainable from Defendant's own

business records or those of its agents.

10. The Plaintiffs and Class Members' claims against Defendant involve questions of law or fact common to the class that are substantially similar and predominate over questions affecting individual Class Members in that all Class Members executed substantially identical form agreements prepared by Defendant, all contracts identified Defendant as the lender and imposed similar finance charges, and the same question as to the legality of the agreement applies to each Class Member.

11. The claims of Plaintiffs are typical of the claims of the members of the Class.

12. Plaintiffs can fairly and adequately represent the interests of the Class.

## FIRST CAUSE OF ACTION FOR VIOLATION OF THE UNFAIR COMPETITION LAW AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION AND CLASS ACTION)

13. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1 through 12, inclusive.

14. The Unfair Competition Law prohibits any person from engaging in unfair competition as that term is defined in Business and Professions Code § 17200, which includes any "unlawful, unfair or fraudulent business act or practice," "unfair, deceptive, untrue or misleading advertising," and any act prohibited by Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and Professions Code.

15. During the Class Period, Defendant violated various sections of the Financial Code as set forth below, which constituted an unlawful business practice.

16. Defendant is a private company that offered installment loans over the Internet to California residents.  Although Defendant claims to be affiliated with an Indian tribe

that owns tribal land in Wisconsin, none of the class members ever visited that tribal land to obtain the loans in question.

17. On January 10, 2018, Plaintiff Shmakova obtained a $600 loan from Defendant, which subsequently withdrew $712 from her bank account and deemed the loan satisfied. Plaintiff is informed and believes and thereupon alleges the APR was over 400%.

18. On January 22, 2018, Plaintiff Shmakova obtained a second loan, this one for $1,000, from Defendant, which subsequently withdrew $1,989.54 from her bank account. Defendant claims she owes additional money. The APR was 635%.

19. On April 17, 2018, Plaintiff Hasbrook obtained a $150 loan from Defendant, which subsequently withdrew $454 from his bank account. Defendant claims he owes additional money. The APR was 736%.

20. During the class period, Defendant made similar loans to the class members, depositing money in their bank accounts and then withdrawing money from their bank accounts to repay itself principal and interest charges.

21. California Financial Code § 22000, et. seq., the California Financing Law (formerly known as Finance Lenders Law), regulates the making of loans of this type in California.

22. During the relevant time frame, Defendant qualified as a "finance lender" pursuant to Financial Code § 22009.

23. Financial Code § 22203 defines a "consumer loan" as a loan "the proceeds of which are intended by the borrower for use primarily for personal, family, or household purposes." Defendant's loans were made for personal, family and household purposes. In any event, any loan for less than $5,000 is always deemed a consumer loan regardless of its purpose pursuant to Financial Code § 22204.

24. Financial Code § 22303 sets the maximum amounts that may be imposed for charges on consumer loans. The term "charges" includes "the aggregate interest, fees, bonuses, commissions, brokerage, discounts, expenses, and other forms of costs charged, contracted for, or received by a licensee or any other person in connection with the investigating, arranging, negotiating, procuring, guaranteeing, making, servicing, collecting, and enforcing of a loan or forbearance of money, credit, goods, or things in action, or any other service rendered." (Financial Code § 22200.) The term "finance charges" will be used in this complaint to refer to what § 22303 calls "charges."

25. Pursuant to Financial Code § 22303, the maximum that can be legally imposed as finance charges depends on the amount of the loan. This law does not apply to loans of more than $2,500. The first $250 of principal has a maximum monthly finance charge of 2.5% or an APR of 36%. The next $675 of principal has maximum monthly finance charges of 2%, the next $749 of principal has maximum monthly finance charges of 1.5% and the remaining portion up to $899 has a maximum monthly finance charge of 1%. Therefore, under no conditions, can a loan of this nature in California impose an APR greater than 36% and usually the cap will be lower.

26. The actual APR for the loans obtained by Plaintiffs and class members was more than twice the maximum 36% allowed under the foregoing law. Therefore, Defendant violated this requirement.

27. In addition, Financial Code § 22100 (a) provides "No person shall engage in the business of a finance lender or broker without obtaining a license from the commissioner."

28. Financial Code § 22155 provides: "No finance lender, broker, or mortgage loan

originator licensee shall transact the business licensed or make any loan provided for by this division under any other name or at any other place of business than that named in the license except pursuant to a currently effective written order of the commissioner authorizing the other name or other place of business."

29. The name of the lender listed on Defendant's loan agreements was "Hummingbird Funds, LLC d/b/a Blue Trust Loans." This entity never had a finance lenders license or authorization from any California government official. Therefore, Defendant violated this requirement.

30. In addition, Financial Code § 22151 specifies that a finance lenders license "shall be conspicuously posted in the place of business authorized by the license." Defendant made loans to California residents solely over the Internet using one of several websites. None of those websites contained a copy of any finance lenders license. Therefore, Defendant violated this requirement.

31. Additionally, Financial Code § 22162 states that "No licensee shall place an advertisement disseminated primarily in this state for a loan unless the licensee discloses in the printed text of the advertisement, or in the oral text in the case of a radio or television advertisement, the license under which the loan would be made or arranged." Defendant disseminated advertisements in the state of California offering loans to consumers, including through its websites and in the loan agreements, but those advertisements did not disclose the license under which the loan would be made or arranged. Therefore, Defendant violated this requirement.

32. Hence, Defendant willfully violated Financial Code §§ 22303, 22100, 22155, 22151, and 22162.

33. Financial Code § 22750 provides:

(a) If **any amount other than, or in excess of, the charges permitted by this division is willfully charged**, contracted for, or received, the contract of loan is void, and no person has any right to collect or receive any principal, charges, or recompense in connection with the transaction.

(b) If **any provision of this division is willfully violated** in the making or collection of a loan, whether by a licensee or by an unlicensed person subject to this division, the contract of loan is void, and no person has any right to collect or receive any principal, charges, or recompense in connection with the transaction. (emphasis added)

34. Defendant violated both subdivisions (a) and (b). As a result, the loans made to Plaintiffs and the class members during the relevant time frame were void as a matter of law and "no person has any right to collect or receive any principal, charges, or recompense in connection with the transaction." Defendant withdrew money from Plaintiffs and class members' bank accounts which it had no "right to collect or receive."

35. As a proximate result of the violation of the UCL as set forth above, Plaintiffs and class members suffered injury in fact and sustained monetary loss (hundreds of dollars each) according to proof.

36. Pursuant to Business and Professions Code § 17203 and § 17204, Plaintiffs are empowered to compel Defendant to restore to Plaintiffs and the class members the money or property that Defendant acquired as a result of the aforementioned acts which constituted unfair competition.

37. Defendant continues to offer these predatory loans to California residents and continues to collect payments on the loans, even though it is not licensed to offer or make these loans in California. Thus, the conduct of Defendant will continue to harm

the general public unless it is enjoined.

## REQUEST FOR JURY TRIAL

WHEREFORE, Plaintiffs request trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment on all causes of action against Defendant as follows:

1. For an order certifying this matter as a class action;

2. For a declaration of the rights and liabilities of the parties including a declaration that installment loans made with the Plaintiffs and class members were illegal and any debt owed by Plaintiffs and the Class is void;

3. For preliminary and permanent injunctive relief pursuant to Business and Professions Code § 17203 restraining and enjoining Defendant from continuing the acts of unlawful competition set forth above, requiring Defendant to take any acts needed to prevent further violations, and requiring Defendant to take affirmative measures to redress past wrongdoings, such as by correcting credit reports and cancelling debts;

4. For an order requiring Defendant to provide an accounting of all moneys which it may have received as a result of the acts and practices found to constitute unfair competition under Business and Professions Code § 17200;

5. For an order that Defendant identify, locate and make restitution to affected members of the general public, and specifically Plaintiffs and the members of the class, and all additional orders necessary to accomplish this purpose, pursuant to Business and Professions Code § 17203;

6. On the first cause of action, for cancellation of the debt arising from the loans and forfeiture of Defendant's right to recover principal, interest or any other sum on the

loans and restitution to Plaintiffs and the Class of any amounts paid by them to Defendant on the loans;

7. For interest on the sum of money awarded as restitution;

8. For reasonable attorney's fees pursuant to Civil Code § 1717, pursuant to the "common fund" doctrine, and pursuant to the "substantial benefit" doctrine.

9. For costs of suit incurred herein; and

10. For such other and further relief as the court may deem proper.

DATED:  March 14, 2019

                Respectfully submitted,

By _____
      JEFFREY WILENS
      Attorney for Plaintiff