UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA SHMAKOVA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HUMMINGBIRD FUNDS, LLC,<br><br>　　　　Defendant. | Case No. 19-cv-01284-NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION; DENYING DEFENDANT'S MOTIONS TO DISMISS AS MOOT; AND STAYING CASE**<br><br>Re: Dkt. No. 37 |

In this putative class action, plaintiffs Olga Shmakova and Geoffrey Hasbrook allege that defendant Hummingbird Funds, LLC makes predatory loans. *See* Dkt. No. 30. Pending before the Court are Hummingbird's motion to dismiss for lack of subject matter jurisdiction (*see* Dkt. No. 36), motion to compel arbitration (*see* Dkt. No. 37), motion to dismiss for forum non conveniens or to stay for tribal court exhaustion (*see* Dkt. No. 38), and motion to strike class allegations (*see* Dkt. No. 39). Because a valid arbitration clause exists between the parties, the Court GRANTS Hummingbird's motion to compel arbitration, and DENIES the remaining motions as moot.

## I. Factual and Procedural Background

Hummingbird is an internet lending company owned and operated by the Lac Courte Oreilles Chippewa Band of Lake Superior Indians ("Tribe"). *See* Dkt. No. 30 ("SAC") ¶ 16. Shmakova and Hasbrook obtained loans from Hummingbird in 2018. *See*

*id.* ¶¶ 19–21. Hummingbird charged exorbitant annual percentage rates on those loans and failed to comply with California law. *Id.* ¶¶ 19–21, 30–34.

Plaintiffs and putative class members signed identical form agreements with Hummingbird to obtain their loans. *See id.* ¶ 10. Those agreements broadly state that "[a]ll disputes arising out of, relating to, or in connection with this Agreement shall be finally settled under the Tribal Dispute Resolution Procedure." *See* Dkt. No. 41-12 ("Agreement") at 18. They also require Plaintiffs to waive their right to bring or join a class action. *Id.* at 17–18. In particular, the Agreements state that:

> All disputes including any Representative claims against [Hummingbird] and/or related third parties shall be resolved by the Tribal Dispute Resolution Procedure only on an individual basis with you. Therefore, no litigation or arbitration is available and no judge or arbitrator shall conduct class proceedings; that is, you shall be ineligible to serve as a representative, as a private attorney general, or in any other representative capacity for others in litigation or arbitration.

*Id.* at 18 (emphasis omitted). The Tribal Dispute Resolution Procedure is outlined in the Tribal Consumer Financial Services Regulatory Code ("Regulatory Code"). *See id.* at 17; *see also* Dkt. No. 43 ("Regulatory Code") at §§ 2.901–03.

On July 12, 2019, Plaintiffs filed their second amended complaint alleging a single putative class claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, for violations of Cal. Fin. Code §§ 22000 *et seq. Id.* ¶¶ 13–40. Hummingbird subsequently filed three motions to dismiss and a motion to compel arbitration. *See* Dkt. Nos. 36–39. All parties have consented to the jurisdiction of a magistrate judge. *See* Dkt. Nos. 7, 12.

**II.   Legal Standard**

The Federal Arbitration Act ("FAA") requires the enforcement of an arbitration clause in a contract unless grounds exist "at law or in equity for the revocation of any contract." 9 U.S.C. § 2. An arbitration clause may be revoked by "generally applicable

2

contract defenses, such as fraud, duress, or unconscionability." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010). A party bound by an arbitration clause may bring a petition in district court to compel arbitration. 9 U.S.C. § 4. When a party files such a petition, "the district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If the answer is yes to both questions, the court must enforce the agreement." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). Where the claims alleged in a pleading are subject to arbitration, the Court may stay the action pending arbitration or dismiss the action. 9 U.S.C. § 3.

## III. Discussion

Hummingbird contends that the FAA requires arbitration of Plaintiffs' claims through the Tribal Dispute Resolution Procedure ("Procedure") outlined in the Agreement. *See* Dkt. No. 37. Plaintiffs argue that the FAA does not control here because the Agreement does not call for arbitration. *See* Dkt. No. 52 at 6. Specifically, Plaintiffs contend that the Agreement specifically forbids arbitration, and, in any case, the Procedure does not qualify as an "arbitration" because it does not require a neutral arbitrator. *Id.*

Although the FAA requires the enforcement of an arbitration clause in a contract, it does not define "arbitration." *See* 9 U.S.C. § 2. To determine whether the contract calls for settlement of the dispute "by arbitration," the Court must look to state law, but only to the extent it is consistent with the FAA. *See Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987); *see also Portland GE v. U.S. Bank Trust N.A.*, 218 F.3d 1085, 1089 (9th Cir. 2000). In addition, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or the allegation of [a] defense to arbitrability." *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

Plaintiffs first argue that the Procedure cannot constitute an "arbitration" because the Agreement states that "no . . . arbitration is available." *See id.* In context, however, that statement does not prohibit arbitrations in general. That section begins by requiring

3

"[a]ll disputes . . . be resolved by the Tribal Dispute Resolution Procedure only on an individual basis with [the lender]." *Id.* It then states that "no litigation or arbitration is available and no judge or arbitrator shall conduct class proceedings" before clarifying that "[the lender] shall be ineligible to serve as a representative" in any class proceeding. *Id.* The surrounding text makes clear that the section refers only to class arbitrations and other representative proceedings. Thus, the Agreement's statement that "no . . . arbitration is available" does not prohibit arbitration generally.

Next, Plaintiffs argue that the Procedure does not qualify as an "arbitration" under California law. *See* Dkt. No. 52 at 6. In *Cheng-Canindin v. Renaissance Hotel Associates*, 50 Cal. App. 4th 676, 687–88 (1996), the California Court of Appeal held that "a dispute resolution procedure is not an arbitration unless there is a third party decision maker, a final and binding decision, and a mechanism to assure a minimum level of impartiality with respect to the rendering of that decision." Plaintiffs contend that the Procedure lacks a "third party decision maker" and "a minimum level of impartiality."

The Procedure, however, appears to satisfy both factors. In *Cheng*, the California Court of Appeal found that a hotel's review committee procedure lacked a neutral third-party decisionmaker because the reviewing committee consisted solely of the hotel's employees. *Cheng*, 50 Cal. App. 4th at 688. In contrast, here, the Regulatory Code requires disputes be submitted to the Tribal Consumer Financial Services Regulatory Authority ("Authority"). *See* Regulatory Code § 2.903. The Authority delegates dispute resolution to an Agent who must not have any financial or ownership interest, any legal relationship, or any immediate family members with an interest in a financial services licensee like Hummingbird. *See id.* § 2.308(4)(c)(iii). The Agent and other related employees are also prohibited from becoming indebted to, working for, or receiving compensation from a financial services licensee. *See id.* § 2.310. Unlike *Cheng*, there is no indication that Hummingbird has any role in selecting the decisionmaker. The Regulatory Code further requires that the Authority permit counsel and offer hearings "in person or through telephonic conference . . . ." Regulatory Code § 2.903(2).

4

These rules also distinguish the Procedure from the arbitration procedure rejected by the Seventh Circuit in *Jackson v. Payday Financial, LLC*, 764 F.3d 765 (7th Cir. 2014). There, a lending company required its customers to submit to an arbitration proceeding with the Cheyenne River Sioux Tribe, conducted by "(i) a Tribal Elder, or (ii) a panel of three (3) members of the Tribal Council." *Id.* at 769. But "[t]he Tribe [had] neither a set of procedures for the selection of arbitrators nor one for the conduct of arbitral proceedings." *Id.* at 778; *see also Inetianbor v. CashCall, Inc.*, 768 F.3d 1346, 1354 (11th Cir. 2014) ("[Plaintiff] presented the District Court with a letter from the Tribe explaining that 'the Cheyenne River Sioux Tribe . . . does not authorize Arbitration [and the] Tribal Elder CashCall initially chose to arbitrate the dispute . . . explain[ed] that . . . [the] Tribe has nothing to do with any of this business.'"). The court also noted that, in a related case, the owner of the lending company "personally selected" the Tribal Elder conducting the arbitration and that Elder's daughter worked for the lending company. *Id.* at 770–71. But here, the Regulatory Code provides the procedure to select the arbitrator and the conduct of proceedings. Plaintiffs' reliance on *Jackson* is therefore unavailing.

Plaintiffs point to several provisions in the Regulatory Code that grant the Agent and Authority discretion to argue that the Procedure is partial. For example, § 2.903(2) give the Authority discretion to "investigate the dispute in any manner it chooses." Discovery is also discretionary and monetary relief over $1,000 must be approved by the Tribal Governing Board. *See* §§ 2.903(2), (3). But less formal or rigid procedures do not suggest partiality. *Cf. Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*, 83 Cal. App 4th 677, 689-90 (2000) ("the fact that an arbitration may limit a party's discovery rights is not 'substantive unconscionability.'"); *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010) ("In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution.").

The fact that monetary relief is limited to $1,000 unless the Tribal Governing Board approves a greater award may indicate substantive unconscionability. *See Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 103–04 (2000). Plaintiffs,

5

however, have not demonstrated that any other aspect of the arbitration agreement is substantively unconscionable. Rather, the crux of Plaintiffs' arguments is their contention that the Authority is impermissibly biased. Such attacks are better addressed after arbitration. *See* 9 U.S.C. § 10 (permitting vacatur of arbitral awards where there is "evident partiality or corruption in the arbitrators"); *see also Belden v. Citigroup Global Markets, Inc.*, No. 14-cv-01281-JSW, 2014 WL 12705569, at *2 (N.D. Cal. 2014) (questioning whether plaintiff's challenge to arbitrator's partiality is ripe for relief).

Accordingly, the Court GRANTS Hummingbird's motion to compel arbitration.

## IV. Conclusion

The Court GRANTS Hummingbird's motion to compel arbitration. Accordingly, the Court also DENIES as moot Hummingbird's motion to dismiss for lack of subject matter jurisdiction, motion to dismiss for forum non conveniens, and motion to strike.

The Court STAYS this case and administratively closes it pending the completion of arbitration. Any party may move to reopen the case. Each plaintiff must provide notice to the Court within 14 days of the end of arbitration.

**IT IS SO ORDERED.**

Dated: December 2, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge